UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CORINNE ABRAHAM | CIVIL ACTION |
| VERSUS | NO:  20-3060 |
| SHELTER MUTUAL INSURANCE COMPANY | SECTION: "S" (4) |

## ORDER

Before the Court is a **Motion to Quash or Modify Subpoena Duces Tecum with Written Objections by Shelter (R. Doc. 13)** filed by the Defendant seeking an order from the Court to modify and/or quash a subpoena duces tecum issued to Dr. Kevin Bianchini, Ph. D. The motion is opposed. R. Doc. 16. Defendant filed a reply. R. Doc. 20.  The motion was heard by oral argument on October 6, 2021.

## I.   Background

Plaintiff Corinne Abraham (hereinafter "Abraham") initiated this suit, against her uninsured/underinsured motor insurance liability carrier, Shelter Insurance (hereinafter "Defendant") to recover the full value for injuries she sustained in a motor vehicle accident. R. Doc 16, p. 1. Plaintiff contends that on October 27, 2018, she was driving down Broadway Street towards St. Charles when a car driven by Ms. Valicia Johnson (hereinafter "Johnson"), going in the wrong direction on a one-way street, drove through the intersection without stopping or yielding to other vehicles. *Id*. at p. 2. Plaintiff contends that when Ms. Johnson drove through the intersection, she collided with the vehicle and her car was sent careening into the median. *Id*. R. Doc. 1-1, p. 1-2.

As a result of this collision, Plaintiff contends that her car was totaled and that she sustained personal injuries. *Id*. Through her counsel, Abraham brought a claim against Johnson's insurance carrier, GoAuto. *Id*. Plaintiff contends that GoAuto paid its policy limits, but the amount was not sufficient to fully compensate Abraham for the injuries she sustained in the collision. *Id*. As a

result, Plaintiff brought a claim against the Defendant to recover the full value of her loss and injuries. *Id*. at p. 3. Plaintiff alleges that Defendant has failed to properly evaluate her claim and has violated their statutory duties of good faith owed to her. *Id*.

Turning to the instant motion, Abraham contends that she was diagnosed with a traumatic brain injury as a result of the collision. R. Doc. 16, p. 1. In preparation of their case, Defendant had Abraham examined by Dr. Kevin Bianchini (hereinafter "Dr. Bianchini") with the Jefferson Neurobehavioral Group. *Id*. On September 20, 2021, Dr. Bianchini was served with a Subpoena Duces Tecum issued by the Plaintiff. *Id*. Plaintiff is using the subpoena to discover any relevant information Dr. Bianchini possesses. *Id*. at p. 2.

Defendant raises multiple objections to the subpoena issued by Plaintiff. Defendant first alleges that the subpoena requires the disclosure of privileged or protected information. R. Doc. 13-1, p.1. Defendant also contends that the subpoena requires the disclosure of trade secrets or other confidential research, development, or commercial material. *Id.* Defendant further contends Plaintiff is attempting to circumvent the Scheduling Order, by requesting production of certain documents earlier than the deadline set by the Court. *Id*.

In response, Plaintiff contends that they were blindsided by the motion and that there has been no effort by the parties to confer about the subpoena before seeking court intervention. R. Doc. 16, p. 2. Plaintiff also concedes that some of the request are over broad as written and is willing to limit the scope of these requests. *Id*. Regarding any remaining request, Plaintiff contends that they are sufficiently narrow and appropriate. As such, Plaintiff submits that Defendant's Motion to Quash should be denied. *Id*.

II.     **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

Subpoenas issued under Rule 45 may be served upon both party and nonparties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May 2, 2014). "Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

### III. Analysis

#### a. Quash

As an initial matter, Plaintiff contends that Defendant lacks standing to file the motion because they do not have a personal interest in the information sought. R. Doc. 16, p.3 Plaintiff contends that Dr. Bianchini is the retained expert for Defendant and that Defendant has no personal right or privilege to be protected. *Id*. Plaintiff's rely on *Ruffin v. BP Expl. & Prod., Inc.,* where this Court held that, a party does not have standing to quash a subpoenaed directed at a third party when, "the party is not in possession of the material subpoenaed and does not allege any personal right or privileges with respect to the material subpoena." *Ruffing v. BP Expl. & Prod., Inc.,* No. 20-334, 2021 WL 4060975, at *4 (E.D. La. Sept. 7, 2021). As such Plaintiff contends that any objections over the scope of the subpoena should be lodged by Dr. Bianchini, not Defendant. R. Doc. 16, p. 3-4.

A motion to quash should generally be made by the person from whom the documents are things are requested. *Kiger v. Plaisance Dragline,* No. 04-3153, 2006 WL 3228289, at *1 (E.D. La. Nov. 2, 2006). For a party to have standing to quash a subpoena to a non-party they must be in possession of the materials subpoenaed or have alleged a personal right or privilege with respect to the material subpoenaed. *Brown,* 595 F. 2d 967.

4

Defendant is asserting that the subpoena seeks privileged and protected communications and information. R. Doc. 13-1, p. 2-3. This is unlike *Ruffin*, where the objecting party only alleged that the subpoena was overbroad and sought proprietary trade secrets. *Ruffin,* at *1. In that case, the objecting party did not assert a personal right or privilege, which lead to the Court to find that the party did not have standing to move to quash the subpoena. *Id.*

Rather, this case is more like *Marquette Transp. Co. Gulf- Islane, LLC v. M/V Chembulk Westport,* where the Court found that the moving party did have standing to oppose a subpoena issued to its expert. No. 13-2071, 2016 WL 659083 at *3 (E. D. La. Feb. 18, 2016). There the opposing party did not assert any privilege, but the Court found that the expert witness and moving party were connected enough to permit standing. *Id.* Additionally, the Court found that, as a non-party in the case, the expert would have incurred expenses responding to the subpoena that are atypical based on his practice as physician. *Id.* In this case, Dr. Bianchini has examined Plaintiff and been retained by Defendant to act as an expert witness. Therefore, like in *Marquette,* the Court should find that Defendant has standing to oppose the subpoena issued to Dr. Bianchini. *Id.*

### i. **Privileged and Protected Communications**

Defendant contends that the subpoena should be quashed because it contains requests that encompass privileged attorney-client communications, attorney work product and mental impressions, and/or protected communications between Defendants attorneys and expert witness. R. Doc. 13-1, p. 2. Defendant specifically objects to Nos. 1, 2, and 4 which request production of:

1. Your entire file relating to Corinne Abraham.

2. Any and all correspondence, letters, emails, text messages, videos, photos, moving pictures, request forms, or any other document or electronically stored information (ESI) in your possession relating in any way to Corinne Abraham.

> 4. Any and all emails, text messages, and all other correspondence with Rachal Kramar or any other attorney or staff person with the law firm of Lewis Brisbois, LLP regarding the above-captioned litigation.

Defendant contends that these requests are overly broad and not narrowly tailored to request only the exceptions to protected material as laid out in Rule 26(b)(4)(C)(i-iii). As such, Defendant request that the Court quash these requests, or in the alternative, modify the subpoena to exclude privileged or protected communications. *Id.*

In response, Plaintiff contends that Defendant has no attorney client privilege with Dr. Bianchini. R. Doc. 16, p. 5. They also contend that any communications between Defendant and Dr. Bianchini are not protected except to the extent of Rule 26(b)(4)(C)(i-iii). Plaintiff contends that they are entitled to explore Dr. Bianchini's communications with Defendants attorneys relating to the Plaintiff, with the exception of communications that that divulge " mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26. Moreover, Plaintiff contends that if Defendant is objecting to the production of certain documents by claiming privilege or work product they must submit a privilege log describing the documents being withheld and the privilege being asserted. R. Doc. 16, p. 5-6. *See* Fed. R. Civ. P. 26 (b)(5).

Communications between an attorney and a testifying expert are not subject to the attorney-client privilege, instead they are subject to Rule 26 and any work product protections contained therein. *See Benson v. Rosenthal*, No. 15-782, 2016 WL 11678688 (E.D. La. May 12, 2016). Rule 26(b)(4)(C)(i-iii) protects communications between the party's attorney and any witness required to provide a reports under Rule 26(a)(2)(B). Communications are not protected if: (1) they related to compensation, (2) they identify facts or data provided by the party's attorney and that the expert

6

relied upon when forming their opinion, and (3) they identify assumptions that the party's attorney provided and the expert relied on in forming their opinion. Fed. R. Civ. P. 26 26(b)(4)(C)(i-iii).

The Court, having reviewed the subpoena and the disputed requests, finds that the request are not overly broad as written. Moreover, because the subpoena has been issued to Defendants expert, there is not attorney-client privilege, only documents that may be protected by work-product rules. Therefore, the Court denies Defendant's motion to quash and/or modify however, to the extent that the request may include protected work product, a privilege log should be provide.

### ii. Privileged and Protected Information

Defendant requests that the Court quash Nos. 21 and 22 of the subpoena as they seek the production of information that is privileged or protected. R. Doc. 13-1, p. 3. Nos. 21 and 22 request the production of:

> 21. Any and all letters, records, and/or other written documents pertaining to past or present complaints and/or investigations of professional misconduct or discipline against any person who participated in the SMO/evaluation of Corinne Abraham. This includes internal-only/confidential matters and those performed by any external boards, offices, or committees.
>
> 22. Any and all letters, records, and/or other written documents pertaining to any sanctions, probations, or suspensions (deferred or otherwise) for professional misconduct or discipline against any person who participated in the SMO/evaluation of Corinne Abraham.

Defendant objects to the requests because they are not limited to the disclosure of any actual suspension from practice or licensure. R. Doc. 13-1, p. 3. Moreover, Defendant contends that since Plaintiff has not made any complaints to the Louisiana State Board of Examiners of Psychologists, which has the power to revoke or suspend a psychologist and place them on probation, the subpoena is requesting medical information about non-party patients, which is privileged. *Id*. at p. 4. Defendants contend that these requests should be quashed because production may involve

violations of ethics and professionalism rules, as well as, state and federal regulations governing the disclose of healthcare information. *Id*.

Plaintiff is agreeable to limit the scope of these requests to the "actual findings by any state or federal professional governing board of professional misconduct or discipline against any person who participate in the SMO/evaluation of Plaintiff, Corrine Abraham." R. Doc. 16 p. 6. As the parties reached an agreement regarding this request, the Court denies Defendant's motion to modify and/or quash these requests.

  b. **Objections to Particular Requests**

    i. **No. 7**

Defendant objects to No. 7 of the subpoena which requests, "A copy of your expert witness opinion produced in the case, including any drafts of such report." R. Doc 13-1, p. 5. R. Doc 13-2, p. 8. Defendant objects to the request because it includes "any drafts" of the expert report. They contend that pursuant to Rule 45 and 26, drafts only need to produced when there is a showing of, "substantial need for the material to prepare its case and cannot, without undue hardships, obtain their substantial equivalent by other means." *Id*. Moreover, Defendant objects to the deadline in the subpoena of October 5, 2021 because, per the Scheduling Order issued by the Court, expert reports are due no later than October 15, 2021. *Id*. R. Doc. 8 (Scheduling Order).

Regarding this request, Plaintiff agrees with Defendant that the expert should produce his opinion in accordance with the Scheduling Order issued by the Court. R. Doc. 16, p. 7. However, Plaintiff still contends that any drafts of the report prepared by this expert are discoverable. Plaintiff contends that Defendant improperly relies on Rule 26(b)(3)(A-B) and that there is no work product privilege allowed for testifying expert. *Id.*

Rule 26 (b)(4)(B) states that, "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Additionally, this Court has previously held that draft expert reports are protected by the work-product privilege of Rule 26 (b)(4)(B). *See Windmeyer v. State Farm Fire & Cas. Co.*, No 13-6557, WL 4104448, at *4 (E. D. La Aug. 19, 2014). Therefore, the Court grants Defendants motion regarding No. 7. It is ordered that Dr. Bianchini will not have to produce drafts of his expert report. Furthermore, it is ordered the Dr. Bianchini will produce his report by November 15, 2021.

### ii. No. 8

Defendant objects to No. 8 of the subpoena which requests, "A copy of each and every document or record upon which your expert opinion relies." R. Doc 13-1, p. 5. R. Doc 13-2, p. 8. Defendant contends that this request is overly broad and unduly burdensome. R. Doc. 13-1, p. 5. Moreover, they allege that it would be impossible to provide a copy of each and every document that relates to Dr. Bianchini's expert opinions. *Id.*

Plaintiff acknowledges that this request was overbroad and is agreeable to limit the request. R. Doc. 16, p. 7. Plaintiff contends that FRCP 26(b)(4)(C)(ii) allows for the discovery of facts and data given to the expert by the party's counsel and that the expert considered in forming their opinion. *Id.* Plaintiff also contends that facts or data provided to the expert but, not considered in forming their opinion, are also discoverable as it could be used to show bias or lack of foundation for the ultimate opinion of the expert. *Id.*

Regarding this request, the Court is in agreement that no. 8 is overboard. Therefore, the Court grants Defendants motion and modify this request. Dr. Bianchini is ordered to provide a list of facts or data consider by the expert and any exhibits to be used to summarize/support his

testimony. Furthermore, it is ordered that Dr. Bianchini should only produce copies of documents that are not readily available to the public.

### iii. No. 9

Defendant opposes No. 9 as overly broad and unduly burdensome as it seeks a copy of all publications Dr. Bianchini has authored or contributed to. R. Doc. 13-1, p. 6. Defendant submits that they will provide a list of the requested publications, but Dr. Bianchini should not bear the burden or expense of producing copies of all the publications. *Id.* Plaintiff agrees to the limits as outlined by Defendant and as such requests a list of publications Dr. Bianchini has authored or served as editor. R. Doc. 16, p. 7. As parties reached an agreement regarding this request, the Court denies Defendants motion to modify and/or quash this request.

### iv. Nos. 11-12

Defendant next objects to Nos. 11-12 as overly broad and burdensome, they contend that the requests should be quashed pursuant to Rule 45 (d)(3). R. Doc. 13-1, p. 6-7. Nos. 11-12 request:

> 11. A list of any and all matters in which you have been engaged by Rachal Kramar, Lee Peacocke, and/or Lewis Brisbois, LLP in the past ten years. Please include a designation of whether you provided any testimony in connection with such matters, the title of the case, the court, the docket number, and whether you were engaged for the plaintiff or defendant.
>
> 12. A record of any and all payments received from Rachal Kramar, Lee Peacocke, and/or Lewis Brisbois, LLP in the past ten years.

Defendant objects to the time frame of these requests, as Plaintiff is seeking information from the past ten years. *Id.* Defendant contends that these requests are in excess of the four-year period mandated in Rule 26(a)(2)(B)(v). Regarding request No. 12, Defendant contends that it necessarily relates to claims not involving the Plaintiff making them wholly unrelated to the claims before the Court. R. Doc. 13-1, p. 7. As such, Defendant argues that Nos. 11 and 12 should be quashed or the temporal scope modified to only include the past four years.

In response, Plaintiff contends that Rule 26 mandates the disclosure of an experts past cases to allow an opponent to probe prior sworn testimony for inconsistencies and contradictory opinions. R. Doc. 16, p. 7-8. However, Plaintiff submits that the purpose of their request is to establish bias regarding how often the expert has been called upon and paid to render an opinion for counsel representing the Defendant. *Id*. at p. 8. Plaintiff contends that given their reasoning for the request; the temporal scope is not overly broad. *Id*.

Rule 26(a)(2)(B)(v) provides that the witness will provide a list of all other cases in which, during the previous 4 years, the witness testifies as an expert at trial or deposition. However, this subpoena requests information regarding the number of times the expert has been engaged by the firm and if he provided testimony for the past 10 years. Regarding number eleven (11), the parties agreed that the production of a log containing the requested information is sufficient. Additionally, while Defendant represented to the Court that Dr. Bianchini does not maintain the information requested in number twelve (12), the parties agreed that Dr. Bianchini would provide a statement confirming this in response to the request. Furthermore, the Court grants Defendants motion to modify regarding this request and will limit the time period to four years, not the ten years as requested by Plaintiff.

### v. **No. 13**

Defendant objects to request No. 13 as being overly broad and unduly burdensome. R. Doc 13-1, p. 7. This request includes:

> 13. Any record showing income derived from engagements for plaintiff versus defense in the past ten years

Defendant contends that as written the request is overly broad and includes personal documents such a Dr. Bianchini's federal and state tax returns. R. Doc 13-1, p. 7. Defendant also contends that this request is harassing and seeks to limit the expert's involvement in this case. *Id*.

Plaintiff relies on the same reasoning as articulated regarding request Nos. 11 and 12. R. Doc. 16, p. 8. Plaintiff contends that requested information is directed at investigating and establishing any bias the expert may have towards the lawyers that have retained him. *Id*.

At oral argument, Defendant represented to the Court that Dr. Bianchini does not retain the requested information in the normal course of business. As such Plaintiff agreed to forgo this information but still requests information as to who retained the expert, plaintiff or defendant, as described in request number 11.

### vi. Nos. 23-26

Defendant objects to Nos. 23-26 of the subpoena as being overly broad, harassing, and unduly burdensome. These request state that Dr. Bianchini should produce:

> 23. Any and all court orders or judgments limiting or restricting in any way your work or testimony at any time.
>
> 24. Any and all court orders or judgments prohibiting any person who participated in the SMO/evaluation of Corinne Abraham from testifying in a legal proceeding.
>
> 25. Any and all court orders or judgments in a legal proceeding limiting in any way the testimony of any person who participated in the SMO/evaluation of Corinne Abraham.
>
> 26. Any and all court orders or judgments sanctioning any person who participated in the SMO/evaluation of Corinne Abraham.

Defendant contends that the information being requested is public record, and as such Plaintiff should be able to obtain the information without Dr. Bianchini having the burden to review records of legal proceedings to compile the requested information. R. Doc 13-1, p. 8.

Moreover, Defendant submits that consistent with the Federal Rules, they will submit a list of cases within the previous 4 years wherein Dr. Bianchini has provided expert testimony. *Id.*

In response, Plaintiff contends that while the information requested is public record, not all courts have online access and it would be overly burdensome for Plaintiff counsels to travel to different courts to search for records that might exist. R. Doc. 16, p. 8. They contend the information is discoverable and therefore should be produced by Dr. Bianchini. *Id*. At a minimum, Plaintiff requests that Dr. Bianchini should be required to provide a list of all cases in which the requested information exists. *Id*

Rule 26 (a)(2)(B)(v) requires an expert who must provide a written report, to contain within their report a list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition. Here, the Court finds the request is overbroad and unduly burdensome on a non-party. Plaintiff will receive a list of all cases Dr. Bianchini has testified as an expert at trial or by deposition in the past four years as required by Rule 26(a)(2)(B)(v), from there they may access in public records that contain the information they seek. Therefore, the Court grants Defendants motion to quash Nos. 23-26 of the subpoena duces tecum.

### vii.  Confidential Research and Commercial Information in Nos. 17-19

Lastly, Defendant objects to Nos. 17-19 as they request production of confidential and proprietary information about tests, testing protocol, and confidential research of Dr Bianchini. R. Doc. 13-1, p. 8. As written in the subpoena, Nos. 17-19 request:

> 17. Any and all tests given or administered to Corinne Abraham.
>
> 18. The results of any and all tests given or administered to Corinne Abraham.
>
> 19. The evaluation and results criteria for any and all tests given or administered to Corinne Abraham

Defendants contend that the production of the requested information would threaten the integrity of the testing and breach Dr. Bianchini's ethical duties. Defendant suggests two modifications to this request: (1) that only a list of the tests given to Abraham be provided, and (2) that raw test data be provided directly to Plaintiff's expert subject to a protective order.

Plaintiff is in agreeance with Defendants proposed modifications. Plaintiff requests that the raw data be produced to their expert, Dr. Anne Foundas. R. Doc. 16, p. 8.

In response, Defendants alleges that Dr. Foundas is a neurologist, not a psychologist like Dr. Bianchini. Dr. Bianchini opposes producing the raw test data to an expert who is not similarity positioned. Furthermore, Defendant contends that as a neurologist, Dr. Foundas is not bound by the same set of Professionalism and Ethics Rules.

The Court is finds that Dr. Foundas is not a similarly situated expert. Therefore, the Court orders that Defendant will only have to produce this information if Plaintiff identifies an expert similarly positioned as Dr. Bianchini to receive the requested information.

### c. Scheduling

Due to disruptions caused by Hurricane Ida and its aftermath, the parties jointly requested permission from the Court to extend deadlines related to discovery. Upon agreement by the parties, the Court orders that following deadlines be extended.

First, written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify, and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **October 15, 2021**.

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify,

and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **November 15, 2021**

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and a list of all exhibits which may or will be used at trial no later than **November 15, 2021.**

Depositions for trial use shall be taken and all discovery shall be completed no later than **December 6, 2021.**

### d. Discovery Disputes

Parties also indicated to the Court that after a Rule 37 conference on Monday, October 4, 2021, there are discovery related requests that require Court intervention. In order to resolve the disputes in the most efficient manner, Plaintiff will submit a letter to the Court outline the existing disagreements no later than **Friday, October 8, 2021**. Defendant will reply no later than **Monday, October 11, 2021**. The Court will then conduct a status conference with the parties to resolve the disputes.

### IV. Conclusion

Accordingly,

**IT IS HERBY ORDERED** that Defendants Motion to Quash or Modify the Subpoena be **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** regarding No. 7, Defendants motion to modify is **GRANTED as modified**, Dr. Bianchini will not have to produce drafts of his expert report will produce his export report by November 15, 2021.

**IT IS FURTHER ORDERED** regarding No. 8, Defendants motion to modify is **GRANTED as modified**, Dr. Bianchini is ordered to provide list of facts or data consider

by the expert, any exhibits to be used to summarize/support his testimony, and should only produce copies of documents that are not readily available to the public.

**IT IS FURTHER ORDERED** regarding Nos. 11 and 12, Defendants motion to modify is **GRANTED as modified**, the request is limited to the previous four years.

**IT IS FURTHER ORDERED** regarding Nos. 17, 18, 19, Defendants motion to modify is **GRANTED as modified**, Dr. Bianchini will produce raw testing data to a similarly positioned expert identified by the Plaintiff.

**IT IS FURTHER ORDERED** that regarding Nos. 13, 23, 24, 25, and 26, Defendants motion to quash is **GRANTED.**

**IT IS FURTHER ORDERED** that regarding Nos. 1, 2, 4, 21, and 22 Defendants motion to quash or modify the subpoena is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff will have **up to and until October 15, 2021** produce their experts report.

**IT IS FURTHER ORDERED** that Defendant will have **up to and until November 15, 2021** produce their experts report.

**IT IS FURTHER ORDERED** that parties will have **up to and until November 15, 2021** to file witness and exhibit lists.

**IT IS FURTHER ORDERED** parties will have **up to and until December 6, 2021** to complete depositions and discovery.

New Orleans, Louisiana, this 7th day of October 2021.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**